

```
                                                    United States District Court
                                                     Southern District of Texas
                                                              FILED

       IN THE UNITED STATES DISTRICT COURT             JUN 26 2000
           SOUTHERN DISTRICT OF TEXAS
              BROWNSVILLE DIVISION                    Michael N. Milby
                                                       Clerk of Court
```

| ZOILA GOMEZ | § | B-00-095 |
|---|---|---|
| | § | |
| vs. | § | CIVIL ACTION NO._____ |
| | § | |
| BANK OF NEW YORK DELAWARE | § | JURY DEMAND |
| RETAILERS NATIONAL BANK and | § | |
| FIRST USA BANK, N.A. | § | |

### DEFENDANT FIRST USA BANK, N.A.'S ORIGINAL ANSWER

Defendant First USA Bank, N.A. (First USA), improperly named in Plaintiff's Original Petition as BANK ONE D/B/A FIRST CARD, and subject to its Rule 12(b)(6) Motion to Dismiss, responds to PLAINTIFF'S ORIGINAL PETITION as follows:

1.  Paragraph number 1 of Plaintiff's Original Petition requires no answer and, thus, is denied.

2.  Defendant First USA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number 2.

3.  Defendant First USA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number 3.

4.  Defendant First USA is without knowledge or information sufficient to form a belief as to the truth of the averments in paragraph number 4.

5.  Defendant First USA denies that it is liable in the capacity in which it is named and denies that it does business or has done business as First Card. First USA admits that it is the real

party in interest for claims made against the former entity referenced in plaintiff's pleadings as "First Card." Otherwise, plaintiff's allegations in paragraph 5 are denied.

6.  Defendant First USA is without knowledge or information sufficient to form a belief as to the truth of the averments of the first four sentences of paragraph 6. Defendant First USA denies the averments of the fifth sentence of paragraph 6.

7.  Paragraph number 7 is denied.

8.  Paragraph number 8 is denied.

9.  Paragraph number 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph number 12 is denied. Defendant First USA specifically denies presentment, payment, and denies that plaintiff has paid all her credit card accounts with defendant, in a timely manner and according to the terms of the respective credit card agreements.

13. Defendant First USA admits that plaintiff's allegation in paragraph 13 that she has made a demand for trial by jury, but is without knowledge or information sufficient to form a belief of the truth of plaintiff's averment of having tendered the appropriate fee.

14. Defendant First USA denies plaintiff is entitled to any of the relief demanded in paragraph 14.

15. Any of plaintiff's allegations which have neither been specifically admitted or denied are hereby denied.

16. Plaintiff's claims are barred by limitations.

17. Defendant's actions complained of, if in error, resulted from a bonafide error that

2

occurred notwithstanding the use of reasonable procedures adopted to avoid the error.

18. Defendant will show that at the time of the alleged violation it maintained reasonable procedures to assure compliance with subsections (a) and (b) of 15 U.S.C § 1681d.

19. Credit history issued by this defendant, if any, and complained about by plaintiff, was true.

20. Plaintiff's complaint brought pursuant to 15 U.S.C. § 1692 *et. seq.* are barred by 15 U.S.C. § 1692k(c) because at all times material defendant maintained procedures reasonably adapted to avoid error, if any, complained of by plaintiff and if defendant's actions, if any, complained of by plaintiff constitute a violation of 15 U.S.C. § 1692 *et. seq.*, same was not intentional and resulted from a bonafide error.

21. Plaintiff's claims were brought in bad faith or for purposes of harassment. Defendant is, therefore, entitled to recover reasonable attorney's fees and costs incurred in the defense of this claim, pursuant to 15 U.S.C. § 1681n(c), 15 U.S.C. § 1692k(a), Texas Finance Code § 392.403(c), and Texas Business and Commerce Code § 17.50(c).

WHEREFORE, in view of the foregoing, defendant First USA prays that plaintiff take nothing and that it recover its costs, attorney's fees, and general relief.

3

Respectfully submitted,

By: _/s/ Walter J. Passmore_
Walter J. Passmore
State Bar No. 15560400
ATTORNEY FOR DEFENDANT
FIRST USA BANK, N.A.
P. O. Drawer 3766
McAllen, Texas 78502-3766
956/687-6225
956/686-1276 (fax)

OF COUNSEL:
PASSMORE, WALKER & TWENHAFEL, L.L.P.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent certified mail, return receipt requested to the Attorney(s) of record on this the 26th day of June, 2000, as follows:

Adolfo E. Cordova, Jr.                            *VIA CMRRR 7099 3220 0001 4236 5001*
Law Firm of Adolfo E. Cordova, Jr.
711 N. Sam Houston
San Benito, TX 78586
**ATTORNEY FOR PLAINTIFF**

Jeffrey S. Boyd                                   *VIA CMRRR 7099 3220 0001 4236 5018*
Thompson & Knight, P.C.
1200 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701
**ATTORNEYS FOR RETAILER NATIONAL BANK**

_/s/ Walter J. Passmore_
Walter J. Passmore

J:\DATA2\SHARED2\WJP\BANKONE\GOMEZ\PLEADING\ANSWER FED