IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JUN 2 6 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| ZOILA GOMEZ | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. B-00-095 |
| | § | |
| BANK OF NEW YORK DELAWARE | § | JURY DEMAND |
| RETAILERS NATIONAL BANK and | § | |
| FIRST USA BANK, N.A. | § | |

## DEFENDANTS FIRST USA BANK, N.A.'S AND
## BANK OF NEW YORK DELAWARE'S MOTION TO DISMISS

1. Defendants First USA Bank, N.A. (First USA), improperly named in plaintiff's original petition as Bank One d/b/a First Card, and Bank of New York Delaware (BNYD), improperly named in plaintiff's original petition as Bank of New York, move to dismiss certain of plaintiff's causes of action as set out in PLAINTIFF'S ORIGINAL PETITION, pursuant to Federal Rules of Civil Procedure 12b(6) for failure to state a claim upon which relief can be granted.

2. PLAINTIFF'S ORIGINAL PETITION alleges five separate claims, to wit:

(a)  violation of the Federal Fair Credit Reporting Act, found at 15 U.S.C. § 1681 *et. seq.*
Plaintiff's Original Petition, paragraph 6

(b)  violations of Federal Debt Collection Act, found at 15 U.S.C. § 1692 *et. seq.*
Plaintiff's Original Petition, paragraph 9;

(c)  violations of Texas Debt Collection Act, found in the Texas Finance Code § 392 *et. seq.*
Plaintiff's Original Petition, paragraph 9;

(d)  intentional infliction of emotional distress
Plaintiff's Original Petition, paragraph 7; and

(e)  libel and slander
Plaintiff's Original Petition, paragraphs 6 and 8.

3. The gravamen of plaintiff's allegations as they pertain to defendants First USA and BNYD is that there were errors on plaintiff's credit history, that First USA and BNYD, upon request, failed to correct those errors, and that such credit reporting errors Defendants' failure to correct them constituted violations of the Federal Fair Credit Reporting Act, the Federal Debt Collection Act, the Texas Debt Collection Act, intentional infliction of emotional distress, and libel and slander. Plaintiff's pleading, given the most liberal interpretation and assuming all facts pleaded as true, at best may state a claim under the Federal Fair Credit Reporting Act (15 U.S.C. § 1681 *et. seq.*, and for libel and slander, but wholly fails to state a claim under the Federal Debt Collection Act (15 U.S.C. § 1692 *et. seq.*), the Texas Debt Collection Act (Texas Finance Code § 392 *et. seq.*), and for intentional infliction of emotional distress. Defendant's motion to dismiss is limited to plaintiff's debt collection claims and the claim for intentional infliction of emotional distress.

## FEDERAL DEBT COLLECTION ACT

4. Plaintiff's allegation of violation of the Federal Debt Collection Act is global. It appears in paragraph 9 of Plaintiff's Original Petition, which incorporates the previous allegations of fact as a basis for the claim. Plaintiff's allegations of fact are that movants are creditors who failed to remove errors on plaintiff's credit history, upon request from plaintiff, and that such failure to remove (alleged) credit errors constituted harassment (paragraph 7). Plaintiff further alleges that defendants published defamatory statements to their credit bureau (paragraph 8). All such allegations wholly failed to state claim under the Federal Debt Collection Act, 15 U.S.C. § 1692 *et. seq.* 15 U.S.C. 1692a defines the term "debt collector" for application of the act. 15 U.S.C. § 1692b through 15 U.S.C. § 1692i describes various prohibited acts, all of which are applicable to a <u>debt collector</u> as defined in 15 U.S.C. § 1692a. Thus, by plain meaning of the statute, they do not pertain

to movants, who are alleged to be creditors. Section 15 U.S.C. § 1692j is applicable to "any person" and thus could encompass creditors, but plaintiff's complaint does not allege any violation of § 1692j. Thus, the plaintiff's petition wholly fails to allege any facts which, even given the most liberal construction, states a claim under the Federal Fair Debt Collection Act. The Federal Fair Debt Collection Act applies to debt collectors, not creditors. *Holmes v. Telecredit Service Corporation*, 736 F.Sup. 1289 (D.C.--Delaware 1990).

## TEXAS DEBT COLLECTION ACT

5. Plaintiff's allegations of movants' violation of the Texas Debt Collection Act appears in paragraph 9 of Plaintiff's Original Complaint, and alleges violation of Texas Finance Code §§ 392.301 and 392.302, and incorporates as a basis for the claim the conduct described in the preceding portions of the complaint, *i.e.*, plaintiff's allegations that the movants failed to make corrections to credit reporting errors when "contacted by CSC Credit Services to rectify the matter." Texas Finance Code § 392.301 defines prohibited debt collection methods, none of which are applicable on the face of plaintiff's pleadings. Texas Finance Code § 392.302 prohibits specified forms of harassment or abuse in debt collection practices which are inapplicable to the face of plaintiff's pleadings. The Texas Debt Collection Act, unlike the Federal Debt Collection Act, can apply to a creditor seeking to recover a debt owed directly to a creditor, *Smith v. Heard*, 980 S.W.2d 693 (Tex.App.--San Antonio 1998, no writ), but plaintiff's allegations do not fit the prohibited conduct described in the Texas Fair Debt Collection Act.

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

6. "Intentional infliction of emotional distress" is not available as an independent cause of action unless the actor intends to cause severe and emotional distress, or severe emotional distress

3

is the primary risk created by the actor's reckless conduct. *Standard Fruit & Vegetable Company, Inc., et al v. Johnson*, 985 S.W.2d 62, 63 (Tex.Sup.--1998). The primary risk of inaccurate credit information would be damage to the person's credit history. Thus, plaintiff's allegations, given the most liberal interpretation, fail to state a claim for intentional infliction of emotional distress.

WHEREFORE, in view of the foregoing, movants pray that the foregoing motion be granted and that plaintiff's allegations of Federal Fair Debt Collection Act violation, Texas Debt Collection Act violation, and intentional infliction of emotional distress be dismissed.

Respectfully submitted,

By: /s/ Walter J. Passmore
Walter J. Passmore
Fed. ID No. 2264
State Bar No. 15560400
PASSMORE, WALKER & TWENHAFEL, L.L.P.
P. O. Drawer 3766
McAllen, Texas 78502-3766
956/687-6225
956/686-1276 (fax)

ATTORNEYS FOR DEFENDANTS
FIRST USA BANK, N.A. and
BANK OF NEW YORK DELAWARE

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing document has been sent certified mail, return receipt requested to the Attorney(s) of record on this the 26th day of June, 2000, as follows:

Adolfo E. Cordova, Jr.                                   *VIA CMRRR 7099 3220 0001 4236 5001*
Law Firm of Adolfo E. Cordova, Jr.
711 N. Sam Houston
San Benito, TX 78586
**ATTORNEY FOR PLAINTIFF**

Jeffrey S. Boyd                                                          *VIA CMRRR 7099 3220 0001 4236 5018*
Thompson & Knight, P.C.
1200 San Jacinto Center
98 San Jacinto Blvd.
Austin, TX 78701
**ATTORNEYS FOR RETAILER NATIONAL BANK**

                                                                           _____
                                                                           Walter J. Passmore

J:\DATA2\SHARED2\WJP\BANKONE\GOMEZ\PLEADING\DISMISS.MOT